# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CHRISTOPHER MICHAEL DIAZ,**

    **Plaintiff,**

v.                                                                           **Case No: 6:16-cv-1057-Orl-40DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

___

## REPORT AND RECOMMENDATION

Christopher Michael Diaz (Claimant) appeals the Commissioner of Social Security's final decision denying his applications for disability benefits. Doc. 1. Claimant argues that: 1) the Administrative Law Judge (ALJ) erred by failing to weigh an opinion from a treating physician, Dr. Anshuman Swain; and 2) the Appeals Council erred by denying his request for review. Doc. 16 at 11-17. Claimant argues that the matter should be reversed and remanded for further proceedings. *Id*. at 17. The undersigned **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**.

**I.  PROCEDURAL HISTORY.**

    **A.  Claimant's Disability Applications.**

This case stems from Claimant's applications for disability insurance benefits and supplemental security income. R. 196-212. Claimant alleged a disability onset date of December 31, 2012. R. 196, 204.

**B. The ALJ's Decision.**

The ALJ issued his decision on July 27, 2015. R. 13-26. The ALJ found that Claimant's date last insured is December 31, 2017. R. 15. The ALJ found that Claimant has the following severe impairments: degenerative disc disease of the cervical and lumbar spines; a lesion to the ulnar nerve; brachial plexus lesion; carpal tunnel syndrome; asthma; and obesity. R. 16. The ALJ also found that Claimant has the following non-severe impairments: low testosterone; hypertension; hyperlipidemia; and a vitamin D deficiency. *Id*. The ALJ found that Claimant does not have an impairment or combination of impairments that meets or medically equals any listed impairment. *Id*. at 16-17.

The ALJ found that Claimant has the Residual Functional Capacity (RFC) to perform light work as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b),[1] with following limitations:

> [C]laimant could stand up to 6 hours over the course of a workday and could walk up to 2 hours over the course of a workday. He could occasionally climb ramps and stairs and occasionally climb ladders, ropes, and scaffolds. The claimant would be limited to occasional stooping, kneeling, crouching, and crawling. He could engage in frequent reaching and overhead reaching bilaterally. He could engage in frequently handling and fingering. The claimant should avoid concentrated exposure to pulmonary irritants such as fumes, odors, dusts, and gases.

R. 17. In light of this RFC, the ALJ found that Claimant was capable of performing his past relevant work as a management trainee. R. 24-25. The ALJ also considered whether Claimant could perform other work in the national economy, and found that he could perform other work in

---

[1] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. §§ 404.1567(b), 416.967(b).

the national economy, such as mail clerk, router, and cashier. R. 25-26. Thus, the ALJ found that Claimant was not disabled between his alleged onset date, December 31, 2012, through the date of his decision, July 27, 2015. R. 26.

**C. The Appeals Council's Decision.**

Claimant requested that the Appeals Council review the ALJ's decision, as well as additional treatment records that were not in the record at the time the ALJ rendered his decision. R. 8. The Appeals Council considered the additional treatment records, but found that the "information does not provide a basis for changing the [ALJ's] decision." R. 2, 4-5. Thus, the Appeals Council denied Claimant's request for review. R. 1-3. Therefore, the ALJ's decision became the Commissioner's final decision. This appeal followed.

**II.    STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh

the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III. ANALYSIS.

### A. Treating Physician.

Claimant argues that the ALJ erred by not weighing Dr. Swain's opinion, which contains limitations greater than those contained in the ALJ's RFC determination. Doc. 16 at 13-14. The Commissioner argues that Dr. Swain did not provide an opinion that must be weighed, and, to the extent he did, the failure to weigh the opinion would be harmless error because it is not supported by other evidence of record. Doc. 19 at 5-7.

The ALJ assesses the claimant's RFC and ability to perform past relevant work at step four of the sequential evaluation process. *Phillips*, 357 F.3d at 1238. The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining and non-examining medical sources. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012).[2]

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and

---

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c).

A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence); *see also Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). There is good cause to assign a treating physician's opinion less than substantial or considerable weight, where: 1) the treating physician's opinion is not bolstered by the evidence; 2) the evidence supports a contrary finding; or 3) the treating physician's opinion is conclusory or inconsistent with the physician's own medical records. *Winschel*, 631 F.3d at 1179.

The ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned to each opinion. *Winschel*, 631 F.3d at 1179. The failure to state the weight with particularity or articulate the reasons in support of the weight prohibits the Court from determining whether the ultimate decision is rational and supported by substantial evidence. *Id*.

Dr. Swain, a pain management specialist, treated Claimant on several occasions in 2014 for chronic neck and lower back pain. R. 461-63, 536-40. Dr. Swain provided the following assessment after evaluating Claimant in April 2014:

> Cervical spondylosis without myelopathy, cervical facet pain, low back pain, lumbar spondylosis. I believe the patient's pain is primarily from arthritis and degeneration of the cervical facet joint for which he is currently receiving physical therapy. He would be a good candidate for cervical facet joint block. Once this therapy is completed, if he has not improved, I counseled the patient that it is likely that his numbness and tingling in the arms is due to compression of his brachial plexus when he elevates his arms. *I encouraged him to try to keep his arms at a neutral position even when performing exercises*. I feel that if his numbness and tingling

>were from his neck, it would be present no matter what would be the position.

R. 540 (emphasis added). The ALJ considered Dr. Swain's treatment records, *see* R. 18-22, but did not expressly discuss the foregoing assessment or weigh the same.

Claimant maintains that the ALJ should have, but failed to, weigh Dr. Swain's opinion that "he must keep his arms in a neutral position at all times." Doc. 16 at 13. Claimant argues that Dr. Swain's opinion conflicts with the ALJ's RFC determination, because keeping one's arms in a neutral position "would significantly impact the ability to stoop for things, push and pull things, operate arm controls, and grasp and turn objects." *Id*. Thus, Claimant argues that the ALJ failed to apply the correct legal standards and his findings were not supported by substantial evidence. *Id*. at 14.

The Commissioner maintains that Dr. Swain did not opine that Claimant needed to keep his arms at a neutral position at all times, or that he was incapable of all reaching. Doc. 19 at 5-6. The Commissioner, as a result, argues that Dr. Swain's foregoing assessment did not contain any work-related functional limitations, and, thus, was not a medical opinion that needed to be weighed because it did not reflect a judgment about the nature and severity of Plaintiff's impairments. *Id*. at 6. The Commissioner further argues that to the extent Dr. Swain opined that Claimant needed to keep his arms in a neutral position at all times, such an opinion would not be supported by substantial evidence. *Id*. at 6. The Commissioner, as a result, argues that any error in failing to weigh Dr. Swain's foregoing assessment is harmless error. *Id*. at 6-7.

The Court need not determine whether Dr. Swain's statement encouraging Claimant to try to keep his arms in a neutral position is a medical opinion that must be weighed, because, assuming it was a medical opinion, the failure to weigh it is harmless error. Dr. Swain "encouraged" Claimant "to try to keep his arms at a neutral position even when performing exercises." R. 540.

Claimant maintains that Dr. Swain opined that "he must keep his arms in a neutral position at all times." Doc. 16 at 13. This interpretation is simply inaccurate. Dr. Swain did not state that Claimant "must" keep his arms in a neutral position. *See* R. 540. Dr. Swain, instead, encouraged Claimant to try keeping his arms in a neutral position, presumably to help alleviate pain. *Id*. Further, Dr. Swain did not state that Claimant must keep his arms in a neutral position "at all times." *See id*. Dr. Swain did not offer any opinion as to how long Claimant should keep his arms in a neutral position. *See id*. Dr. Swain, again, simply encouraged Claimant to try and keep his arms in a neutral position, as it may help alleviate pain. *Id*. This opinion does not, as Claimant argues, contradict the ALJ's RFC determination, as it does not suggest that Plaintiff is incapable of occasional stooping, frequent reaching in all directions, and frequent handling and fingering. Thus, undersigned finds the ALJ's failure to weigh Dr. Swain's opinion is harmless error. *See Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) (failure to weigh a medical opinion is harmless error if the opinion does not directly contradict the ALJ's RFC determination); *see also Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (per curiam). Therefore, it is **RECOMMENDED** that the Court reject Claimant's first assignment of error.

### B. Appeals Council.

Claimant argues that the Appeals Council erred by denying his request for review, because the treatment records submitted with his request for review were new and material evidence that could have affected the ALJ's consideration of Dr. Nicole Sabatina's opinion and likely changed the administrative outcome. Doc. 16 at 16-17. The Commissioner argues that Claimant has failed to demonstrate that the Appeals Council erred in considering the additional treatment records, and that the Appeals Council's decision to deny his request for review was erroneous. Doc. 19 at 8-9.

A claimant is generally permitted to present new evidence at each stage of the administrative process. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007). The Appeals Council must consider evidence that was not presented to the ALJ when that evidence is new, material, and chronologically relevant. *Id.*; *see* 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). A piece of evidence is new if it is not cumulative of other evidence in the record, *see Robinson v. Astrue*, 365 F. App'x 993, 996 (11th Cir. 2010) (per curiam), it is material if "there is a reasonable possibility that the new evidence would change the administrative outcome," *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987), and it is chronologically relevant if it "relates to the period on or before the date of the [ALJ's] hearing decision," 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). The Appeals Council must grant the petition for review if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Ingram*, 496 F.3d at 1261.

The Appeals Council has the discretion to not review the ALJ's decision denying benefits. *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015). If the Appeals Council considers new evidence but denies review, the Appeals Council is not required to articulate its reasons for denying review. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784-85 (11th Cir. 2014). If a claimant challenges the Appeals Council's denial, the reviewing court must determine whether the new evidence renders the denial of benefits erroneous. *Id.* at 785 (citing *Ingram*, 496 F.3d at 1262).

Dr. Sabatina, a family physician, completed a RFC assessment on February 18, 2015. R. 598-601.[3] Dr. Sabatina stated that Claimant experiences pain, numbness and tingling in his

---

[3] The record does not contain any treatment records signed by Dr. Sabatina that pre-date her opinion. Dr. Sabatina, though, reported in her RFC assessment that she had seen Claimant since November 2014, but does not specify whether she began treating Claimant in November 2014. R.

extremities, and that she has observed muscle spasms and reduced range of motion. R. 598.[4] Dr. Sabatina diagnosed Claimant with neck, back, and hamstring pain. *Id*. Dr. Sabatina opined that Claimant can sit for 30 minutes at one time before needing to move, and sit for at least six hours during an eight-hour workday. R. 599. Dr. Sabatina opined that Claimant can stand for 45 minutes at one time before needing to sit or move, and stand for at least six hours during an eight-hour workday. *Id*. Dr. Sabatina opined that Claimant can walk for three city blocks without rest or pain, and can walk for at least six hours during an eight-hour workday. *Id*. Dr. Sabatina opined that Claimant requires a job that allows him to shift positions at-will. *Id*. Dr. Sabatina opined that Claimant would need to take unscheduled breaks once or twice a day for up to 10 minutes due to his pain, paresthesia, and numbness. *Id*. Dr. Sabatina opined that Claimant can frequently lift and carry 10 pounds, and can occasionally lift and carry 20 pounds. R. 600. Dr. Sabatina opined that Claimant can frequently twist, occasionally stoop, crouch/squat, and climb stairs, and rarely climb ladders. *Id*. Dr. Sabatina opined that Claimant is capable of tolerating moderate stress. R. 601. Dr. Sabatina opined that Claimant would likely be off task 10% of the workday due to his symptoms, and would miss approximately two days of work per month due to his impairments. *Id*.

The ALJ considered and assigned Dr. Sabatina's opinion some weight, explaining:

> Dr. Sabatina opined the claimant was capable of engaging in a reduced range of light work, standing and walking for 6 hours, sitting for 6 hours, lifting and carrying up to 20 pounds, and occasionally engaging in most postural activities. Dr. Sabatina indicated the claimant could rarely climb ladders, ropes, and

---

598. Therefore, it is unclear whether Dr. Sabatina began treating Claimant in November 2014. The parties do not explore this issue, but do appear to agree that Dr. Sabatina was an examining source at the time she rendered her opinion. *See* Docs. 16 at 16-17; 19 at 9.

[4] Dr. Sabatina does not explain where she observed the muscle spasms and reduced range of motion. *See* R. 598-601.

scaffolds; however, the record supports the claimant could engage in this activity occasionally, as he continues to drive, mow the yard, and go hunting, which often involves walking and climbing various terrain and trees. Further Dr. Sabatina noted the claimant would have no significant limitation in reaching, handling, or fingering and the undersigned has determined the claimant's cervical disc degeneration and carpal tunnel syndrome would result in some manipulative limitations. The undersigned gives less weight to Dr. Sabatina's statement that the claimant would miss approximately two days of work per month [because it] is inconsistent with the evidence of record as no evidence supports the claimant would be unable to work. The claimant was working part time through November 2014 and even reported to his physician he was working full time hours in 2013. Overall, the undersigned gives some weight to Dr. Sabatina because she was an examining source, able to observe the claimant, was familiar at assessing functional limitations, and her opinions support the claimant is capable of engaging in some work activity.

R. 23. The ALJ ultimately concluded that Claimant was not disabled between the alleged onset date (December 31, 2012) and the date of his decision (July 27, 2015). R. 26. Claimant requested that the Appeals Council review the ALJ's decision, submitting new treatment records from Drs. Sabatina, Keith Hollingsworth, Jeffrey Ayers, Courtney Young, and Troy Hampton dated between April 2014 and October 2015. R. 8. The new treatment records were not in the administrative record at the time the ALJ rendered his decision. *See* R. 2. The Appeals Council considered the new treatment records and made them part of the administrative record, but ultimately denied Claimant's request for review. R. 1-5, 602-730.[5]

Claimant maintains that the new treatment records undermine the ALJ's decision to assign Dr. Sabatina's opinion some weight. Doc. 16 at 16-17. Claimant argues that the new treatment

---

[5] The undersigned notes that several of the new treatment records post-date the ALJ's decision, and thus do not appear to be chronologically relevant. R. 611-14, 619-57. The Appeals Council, though, considered all of the new treatment notes and made them part of the record, so the undersigned, for purposes of this appeal, has also considered whether all of the new treatment records would likely change the administrative outcome.

records demonstrate that Dr. Sabatina was a treating source, as opposed to an examining source, and, thus, the ALJ's determination that Dr. Sabatina's opinion was entitled to only some weight because she was an examining source is not supported by substantial evidence. *Id*. Claimant also argues that the new treatment records support several of Dr. Sabatina's opinions that the ALJ neither included nor accounted for in his RFC determination. *Id*. at 17. Claimant, as a result, argues that there was a reasonable probability that the new treatment records would change the administrative outcome, and, thus, the Appeals Council erred by "perfunctorily" adhering to the ALJ's decision and denying his request for review. *Id*.

The Commissioner maintains that the Appeals Council was not required to explain why it denied Claimant's request for review. Doc. 19 at 8. The Commissioner also maintains that Claimant has failed to show how the new treatment records undermine the ALJ's determination to assign Dr. Sabatina's opinion some weight. *Id*. at 9. Therefore, the Commissioner argues that Claimant has failed to demonstrate that the new treatment records rendered the ALJ's decision erroneous. *Id*.

The Appeals Council did not err by failing to provide a detailed explanation of why it denied Claimant's request for review. The Appeals Council, as previously mentioned, considered the new treatment records submitted by Plaintiff, and included the same in the administrative record. R. 1-5. The Appeals Council stated that it considered the evidence before it, including the evidence submitted by Claimant, and found that it "does not provide a basis for changing the [ALJ's] decision." R. 2. It appears Claimant argues that the Appeals Council erred by not sufficiently explaining why it denied his request for review. *See* Doc. 16 at 17. The Appeals Council, though, was not required to provide a detailed explanation why it denied Claimant's request for review. *Mitchell*, 771 F.3d at 784-85. Therefore, the undersigned finds the Appeals

Council did not error by failing to provide a detailed explanation of why it denied Claimant's request for review.

The Appeals Council also did not err in denying Claimant's request for review. The ALJ assigned Dr. Sabatina's opinion some weight, in part, because she was an examining source. R. 23. There appears to be no dispute that this was an accurate statement at the time the ALJ rendered his decision. *See* Docs. 16 at 16-17; 19 at 9. Claimant, though, argues that the new treatment records demonstrate that Dr. Sabatina was, in fact, a treating source, and thus her opinion was entitled to substantial weight. Doc. 16 at 16-17. The undersigned is not persuaded. The record appears to reflect – and the parties appear to agree – that Dr. Sabatina was an examining source at the time she rendered her opinion. The fact that Dr. Sabatina continued to treat Claimant after the opinion does not alter the fact that she was an examining source, who had no demonstrable treatment relationship with Claimant prior to February 2015, when she rendered her opinion. Thus, the new treatment records do not transform Dr. Sabatina's opinion into a treating source opinion that is presumptively entitled to controlling weight, and consequently would not result in a different administrative outcome. *See Crockett v. Colvin*, 2014 WL 4689693, at *3 (M.D. La. Sept. 22, 2014) (finding the ALJ did not err by rejecting a physician's opinion, in part, because the physician had not established a treating relationship when she rendered her opinion during claimant's initial visit). Further, even if Dr. Sabatina was considered a treating source, then that status would not undermine the ALJ's decision to assign her opinion some weight. The ALJ articulated several reasons in support of his decision to assign Dr. Sabatina's opinion some weight, including Claimant's work history, which Claimant has not challenged. R. 23; *see* Doc. 16 at 16-17. Thus, regardless of whether Dr. Sabatina is viewed as an examining or treating source, the weight assigned to Dr. Sabatina's opinion would not change.

The new treatment records do not undermine the ALJ's decision to assign some weight to Dr. Sabatina's opinion. Claimant argues that the new treatment records support Dr. Sabatina's opinions that Claimant would need a job that permits him to shift positions at-will, take one or two unscheduled breaks a day, be off task for 10% of the workday, and miss approximately two workdays per month. Doc. 16 at 17. The ALJ did not include or account for these limitations in his RFC determination. *See* R. 17. Claimant, though, fails to identify the information in the new treatment records that supports the need for a job that permits him to shift positions at-will, take one or two unscheduled breaks a day, be off task for 10% of the workday, and miss approximately two workdays per month. *See* Doc. 16 at 17. The lack of explanation is, standing alone, cause to reject Claimant's argument. *See Jacobus v. Comm'r of Soc. Sec.*, 664 F. App'x 774, 777 n.2 (11th Cir. 2016) (per curiam) (stating that claimant's perfunctory argument was arguably abandoned).

The undersigned has nevertheless thoroughly reviewed the new treatment records. The new treatment records contained physical examination findings, many of which were unremarkable. *See* R. 605-723. The examination findings did, though, occasionally reveal various issues, such as muscle spasms in the cervical and lumbar spines, decreased range of motion, and neck and back pain. R. 607, 613-14, 627, 632, 655, 675, 686, 695, 704, 711, 721. These observations and findings are generally consistent with Dr. Sabatina's observations and findings in her assessment, namely muscle spasms, decreased range of motion, and neck and back pain. R. 598. The new treatment records do not, as Claimant's argument suggests, contain any findings or opinions that support the need for a job that permits him to shift positions at-will, take one or two unscheduled breaks a day, be off task for 10% of the workday, and miss approximately two workdays per month. *See* R. 605-723. Thus, the new treatment records are relatively consistent with Dr. Sabatina's observations at the time of her opinion, reducing the likelihood that there

would be a different administrative outcome, and do not further support Dr. Sabatina's opinions that Claimant needs a job that permits him to shift positions at-will, take one or two unscheduled breaks a day, be off task for 10% of the workday, and miss approximately two workdays per month. The undersigned, in light of the foregoing, finds that the new treatment records are not material, and, thus, do not render the denial of benefits erroneous. Therefore, it is **RECOMMENDED** that the Court reject Claimant's second assignment of error.

## IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Court:

1. **AFFIRM** the Commissioner's final decision; and
2. Direct the Clerk to enter judgment in favor of the Commissioner and against the Claimant, and close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 26, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record

Unrepresented Party
Courtroom Deputy